IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARKHAM BUNN                                                    PLAINTIFF

vs.                          Civil No. 6:16-cv-06021

CAROLYN W. COLVIN                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Markham Bunn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of

disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff protectively filed his disability applications on July 26, 2011.  (Tr. 363-375).  In his

applications, Plaintiff alleged being disabled due to cyclic vomiting syndrome.  (Tr. 414).  Plaintiff

alleges an onset date of January 9, 2009.  (Tr. 363, 370).  These applications were denied initially

and again upon reconsideration.  (Tr. 262-267, 272-277).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 278-279). The ALJ held a hearing on September 11, 2012, and issued an unfavorable decision on November 28, 2012, which the Appeals Council remanded on February 18, 2014. (Tr. 178-208, 241-253, 258-260).

Thereafter, on May 22, 2014 the ALJ held a new administrative hearing on Plaintiff's applications. (Tr. 209-236). At this hearing, Plaintiff was present and was represented by Don Pullen. *Id.* During this hearing, Plaintiff testified he was born on February 17, 1974, and had graduated from high school. *Id.*

On November 7, 2014, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 166-172). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 168, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2011. (Tr. 168, Finding 2).

At step two, the ALJ determined Plaintiff did not possess an impairment or combination of impairments that significantly limited (or was expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months. (Tr. 168, Finding 4). Based on this, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 1, 2011, through the date of the decision. (Tr. 171, Finding 5).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 160). On January 21, 2016, the Appeals Council denied this request for review. (Tr. 1-7). On March 2, 2016, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 24, 2016. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This case

is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

3

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**    **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because the ALJ erred at Step Two in determining severe impairments.  ECF No. 12, Pgs. 2-19.  Because the Court finds the ALJ erred by failing to find Plaintiff has a severe impairment, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities*

4

that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).  *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to cyclic vomiting syndrome.  This involves episodes of severe vomiting.   Plaintiff's medical records show treatment for complaints of uncontrolled vomiting and diarrhea, elevated white blood count, diagnosis of diverticulosis and Barretts esophagus, weight loss, and symptoms very consistent with cyclic vomiting syndrome.  (Tr. 38, 42, 53, 106-107, 489, 585-586, 591, 624-625).  On January 20, 2009, Plaintiff's CT showed sigmoid diverticulosis.  (Tr. 501).  An abdominal ultrasound the next day showed sludge present in gall bladder as well as numerous polyps and thickening of the wall.  (Tr. 505).

On January 22, 2009, Plaintiff underwent a laparoscopic cholecystectomy which indicated a diagnosis of acute cholecystitis, a condition that can produce vomiting.  (Tr. 511).  Shortly thereafter, Plaintiff had a colonoscopy which showed grade 4 uclerative esophagitis, erosive gastritis, and mild sigmoid diverticulosis.  (Tr. 523).

Based upon these records, the Court finds this evidence is sufficient to meet the lower

standard for demonstrating Plaintiff's impairment as "severe."  Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded.

**4.    <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE